UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEISY GARCIA,

        Plaintiff,

v.                                          Case No: 2:18-cv-12-FtM-99CM

GCA SERVICES GROUP, INC.,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Doc. 30) filed on March 6, 2018. Plaintiff filed a Response in Opposition (Doc. 37) on March 20, 2018. For the reasons set forth below, the Motion is granted.

## **BACKGROUND**

Plaintiff Deisy Garcia alleges to be a whistleblower under the Florida Whistleblower Act. Fla. Stat. § 448.102 (FWA). She claims that Defendant unlawfully fired her for filing a police report when her supervisor instructed her not to do so. (Doc. 19, ¶ 11). Plaintiff is currently proceeding on a one-count Amended Complaint.[2] (*Id.*)

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The initial Complaint, which contained an ADA claim, was removed to this Court based upon federal question and diversity jurisdiction. (Doc. 1).

Until her termination, Plaintiff was employed as a custodian at Parkside Elementary School for seven years. (Doc. 19, ¶ 5). Remberto Yero was Plaintiff's supervisor. Ymilsis Acosta was Yero's wife who accused Yero of having an affair with Plaintiff. (*Id.*, ¶¶ 5-7). As a result, on September 14 and 15, 2015, Acosta went to both Plaintiff's home and the school to confront and threaten Plaintiff. (*Id.*, ¶¶ 8-9). After Acosta attempted to attack Plaintiff, Yero instructed Plaintiff not to call the police or file a report against Acosta. (*Id.*, ¶ 11). Fearing her safety, Plaintiff refused Yero's request and called the police who prepared a police report on September 16, 2015. (*Id.*, ¶¶ 12-13). Plaintiff also reported the incident to the school. (*Id.*, ¶ 12). Later that afternoon, Defendant's Area Manager told Plaintiff she was being transferred to North Naples Middle School, more than 18 miles from Parkside Elementary. (*Id.*, ¶ 14). Defendant did not provide a reason for the transfer, but advised Plaintiff that she would be terminated if she did not agree. (*Id.*, ¶ 15).

Because of these events, Plaintiff sought medical care and was diagnosed with convulsive epilepsy. (Doc. 19, ¶ 17). On September 26, 2015, due to her medical diagnosis and restrictions, Plaintiff contacted Defendant and requested to transfer to a school closer to her home. (*Id.*, ¶ 18). Defendant refused her request and advised her that either she went to work at North Naples Middle or she would be terminated. (*Id.*, ¶ 19). Plaintiff alleges she was constructively terminated.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In addition, to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Like its counterpart above, Rule 12(b)(6) requires more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

The Florida Whistleblower Act provides that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has ... objected

3

to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). A FWA retaliatory discharge claim is analyzed via the same framework as retaliation claims brought pursuant to Title VII of the Civil Rights Act. Turner v. Inzer, 521 F. App'x 762, 764 (11th Cir. 2013). Therefore, to state a claim for retaliatory discharge under the FWA, a plaintiff must allege that: (1) she engaged in an activity protected by the FWA, (2) she suffered an adverse employment action, and (3) a causal connection existed between the protected activity and the adverse employment action. Id. Defendant claims that Plaintiff's allegations do not support the first element.

To satisfy the first element of the above-mentioned standard, a plaintiff is "required to show that he objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer." Aery v. Wallace Lincoln-Mercury, LLC, 118 So. 3d 904, 916 (Fla. Dist. Ct. App. 2013) (citation omitted). Defendant's first argument is that Plaintiff has failed to state a whistleblower claim because nowhere does the Amended Complaint allege illegal conduct; thus, Plaintiff did not engage in statutorily protected activity. In her Response, Plaintiff cites the criminal statute governing threats and extortion, Fla. Stat. § 836.05, and relies on *Aery*, which held that an employee must only demonstrate that she held a good faith, reasonable belief that the actions of the employer violated the law, not that their actions actually did. 118 So. at 916.

There appears to be a split of authority on the issue of whether a whistleblower must protest an actual violation of law in order to have protection under the FWA.

Florida's Fourth District Court of Appeals has concluded that the FWA does not require a plaintiff to prove that he objected to or refused to engage in a genuine violation of a law, rule, or regulation, but only that he had a good faith, objectively reasonable belief that his activity was protected by the statute.  See *Aery*, 118 So. 3d at 916.  In contrast, Florida's Second District Court of Appeals found that a plaintiff must have "objected to an actual violation of law or...refused to participate in an activity that would have been an actual violation of law." *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 465 (Fla. Dist. Ct. App. 2015).  Although the *Aery* decision has so far prevailed in federal district courts, *see, e.g., Canalejo v. ADG, LLC*, No. 8:14-cv-17-T-MAP, 2015 WL 4992000, at *1-2 (M.D. Fla. Aug. 19, 2015), these decisions do not offer definitive guidance since the matter remains unsettled at the state level, *see McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002). But the Court need not weigh in on this issue today.  Even assuming Defendant's position is correct, Plaintiff has identified conduct that could potentially stand in violation of Florida law.

Defendant next argues that, even if Plaintiff complained of unlawful conduct as required, her FWA claim must still be dismissed because she reported only illegal acts committed outside the course and scope of Yero's employment.  The Court agrees that the FWA was intended to encourage the reporting of violations by any employee acting with the scope of their employment or at the direction of the company.  See *Bostain v. Westgate Lakes LLC*, No. 6:11-cv-134-PCF-DAB, 2011 WL 2433503, at *3 (M.D. Fla. June 14, 2011).  See *Kelleher v. Pall Aeropower Corp.*, No. 8:00-CV-365-T-26EAJ, 2001 WL 485119, at *7 (M.D. Fla. Feb. 8, 2001) (finding that an employer was not responsible for an employee's threats and harassment reported under the FWA where these activities

occurred outside the workplace, were unrelated to employment, and thus were outside the legitimate scope of employment).

In this case, Plaintiff has not shown that Yero committed the alleged illegal actions in the course and scope of his employment. Although Plaintiff argues in response that the altercation occurred at work and Yero requested she not file a police report while they were at work, these allegations alone do not show that Yero was acting within the course of his duties as an employee of Defendant and in furtherance of Defendant's interests. *See Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992) ("Under Florida law, an employee acts within the scope of his employment if his act is of the kind he is employed to perform, it occurs substantially within the time and space limits of employment and it is activated at least in part by a purpose to serve the master.").

Because a party generally should be given at least one opportunity to amend before the court dismisses a complaint with prejudice, *Bryan v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001), the Court will provide Plaintiff with a **final opportunity** to file an amended complaint setting forth claims.[3] The Court will not grant leave to file any additional complaints if the new pleading is insufficient. If no additional complaints are filed, the Court will direct that judgment be entered with prejudice and the case will be closed.

Accordingly, it is now

**ORDERED:**

---

[3] If Plaintiff chooses to amend, the Court notes that Defendant's Notice of Removal states that the correct name of her employer is GCA Education Services, Inc. (Doc. 1, n.1). If this is correct, Plaintiff should name the proper defendant.

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 30) is **GRANTED**. The Amended Complaint (Doc. 19) is dismissed without prejudice to filing a Second Amended Complaint within **fourteen days** of this Opinion and Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of April, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record